UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA L. ROBINSON,)
)
        Plaintiff,)
) Case No. 1:13-cv-576
v.)
) Honorable Robert Holmes Bell
EVERHOME MORTGAGE, et al.,)
)
        Defendants.) **REPORT AND RECOMMENDATION**
_____)

        This is a civil action brought by a *pro se* plaintiff, who seeks to enjoin foreclosure of a mortgage on real property located in Lansing, Michigan. The complaint names as defendants Everhome Mortgage, Bank of America, N.A., and Orlans, P.C. (a law firm). By order entered September 27, 2013, District Judge Robert Holmes Bell dismissed the case against Everhome Mortgage and Orlans, P.C. without prejudice, for plaintiff's failure to make proper service on those parties in the time allowed by Fed. R. Civ. P. 4(m). The only remaining defendant, Bank of America, has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a brief in opposition to the motion.

        Upon review of the complaint, I conclude that it states no plausible claim against Bank of America, which plaintiff merely alleges was the servicer of her mortgage loan from July 2010 through October 31, 2011, years before the foreclosure was initiated.

**Applicable Standard**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'"

*Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [s]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

In deciding motions to dismiss under Rule 12(b)(6), the court is generally limited to examination of the complaint alone. Nevertheless, the court may also take into account exhibits to the complaint, Fed. R. Civ. P. 10(c), as well as documents referred to in the complaint but not

attached, and matters of public record. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Thus, the court may refer to documents attached to or referred to in plaintiff's complaint, as well as the matters of public record appended to defendants' motion. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (publicly filed records); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (document referred to but not attached to complaint); *QQC v. Hewlett–Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D.Mich. 2003) (same).

## Discussion

Plaintiff's complaint and attachments disclose the following factual background, which is accepted as true for purposes of defendant's motion to dismiss. On December 5, 2008, plaintiff entered into a loan transaction involving a promissory note of $65,140.00. (docket # 1-1, ID#s 35-37). The lender named in the promissory note was Providence Mortgage Company, a Michigan corporation. The note was secured by a real estate mortgage on real estate located at 2408 Victor Avenue in Lansing, Michigan. (*Id.* at ID#s 43-51). The mortgagee was Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender and the lender's successors and assigns. Plaintiff alleges that in or about February of 2010, Providence sold the loan to Countrywide Bank. (Compl. ¶ 12). Plaintiff further alleges that around October 2010, she received a letter informing her that Bank of America would be servicing her loan. (*Id.* at ¶ 13).

Plaintiff alleges that in June of 2011, she lost her job and as a result enrolled in the "Michigan Hardest Hit Unemployment Subsidy Program" for mortgage assistance. (Compl. ¶ 14). On October 31, 2011, plaintiff alleges receipt of a letter from defendant Everhome Mortgage. (Compl. ¶ 15). The notice of assignment (docket # 1-1, ID# 27) indicated that ownership of the loan

was transferred to EverBank on October 5, 2011. It further notified plaintiff that the servicer of her mortgage would be Everhome Mortgage.

Thereafter, plaintiff fell behind in her payments, precipitating the initiation of foreclosure proceedings by the loan servicer, Everhome, on behalf of the owner of the indebtedness, EverBank. Plaintiff does not allege that Bank of America took part in the foreclosure proceedings.

Plaintiff initiated this action by filing a complaint in the Ingham County Circuit Court on May 8, 2013. Plaintiff's complaint contains three counts. Count I alleges wrongful foreclosure, alleging that the mortgagee did not have standing to begin foreclosure by advertisement proceedings under Michigan law. Count II alleges "failure to adhere to conditions precedent." Plaintiff asserts that the mortgagee failed to give timely notice of acceleration of the principal and interest after default, in violation of the note and mortgage. There is no count III. Count IV alleges a breach of contract and a breach of good faith and fair dealing. This count makes broad allegations of breach of contract. It also alleges that "defendants" breached their obligation of good faith by not explaining the terms of a loss mitigation transaction to plaintiff and by failing to explain her options. Plaintiff does not allege, however, that Bank of America had any involvement in the loss mitigation process.

## **Discussion**

Plaintiff has clearly failed to state a claim upon which relief can be granted against defendant Bank of America, which plaintiff's own documents show merely acted as servicer of the mortgage loan for a limited time. During that time period, the mortgage was not in default, and no foreclosure proceedings were instituted. Bank of America, which claims no interest in plaintiff's

real estate or in the mortgage, is therefore an improper defendant in count I, which alleges wrongful foreclosure. Count II, which is essentially a breach of contract action, has no application to Bank of America, which was clearly not a party to any contract with plaintiff. A bare allegation of breach of contract states no claim under the *Twombley/Iqbal* standard in the absence of supporting facts. *See Alshaibani v. Litton Loan Servicing, Inc., L.P.*, No. 12-4071, ___ F. App'x ___, 2013 WL 2436534, at * 2 (6th Cir. June 5, 2013). Finally, plaintiff's claim against Bank of America for breach of contract and breach of the covenant of fair dealing is defeated by plaintiff's failure to allege that Bank of America was never a party to a contract with her. Furthermore, as defendant correctly points out, Michigan law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing. *See Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012); *Fodale v. Waste Management of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006).

Plaintiff's complaint does not allege facts that raise a plausible claim of wrongdoing by defendant Bank of America on any of the theories pleaded in the complaint. The complaint should therefore be dismissed as to this defendant for failure to state a claim upon which relief can be granted.

**Recommended Disposition**

I recommend that the motion of defendant Bank of America, N.A. to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (docket # 9) be granted.

Dated: November 1, 2013                /s/ Joseph G. Scoville
                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).